```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
         -v-                                                      :      20-CR-135-2 (JMF)
                                                                  :
MICHAEL DELAGUILA,                                                :      ORDER
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Counsel shall appear for a teleconference with the Court on **June 11, 2020**, at **3:45 p.m.**, to discuss Defendant Michael Delaguila's pending motion for temporary release, ECF No. 131. (Delaguila has consented to proceed by telephone and has waived his own appearance. *See* ECF No. 141, at 1.) Counsel shall join the conference by calling the Court's dedicated conference call line at (888) 363-4749, using access code 542-1540 followed by the pound (#) key. Members of the public may access the conference using the same call-in information, but will be placed in listen-only mode. Recording of the conference is prohibited by law.

**All parties must familiarize themselves with the Court's Individual Rules, including the Court's Emergency Individual Rules and Practices in Light of COVID-19, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman.** Among other things, the parties shall promptly send an email to Chambers identifying the names of counsel who will be speaking at the conference, in accordance with Rule 2(C)(ii) of the Court's Emergency Individual Rules.

In addition to the issues raised by the parties' briefing, counsel should prepare to address the following questions:

1. Does the Court have authority — under 18 U.S.C. § 3142(i)(3), the Sixth Amendment, or any other provision of law or precedent — to direct the Government and/or the Essex County Correctional Facility ("ECCF") to take specific steps to improve Defendant's

access to counsel?  *See United States v. Rodriguez*, No. 12-CR-83S, 2015 WL 1120157, at *2 (W.D.N.Y. Mar. 12, 2015).

2. If so, what, if anything, should the Court order the Government and/or ECCF to do?  Put differently, what, if anything, should the Court order the Government and/or ECCF to do to ensure that Defendant has reasonable access to counsel?  *See, e.g.*, *United States v. Janis*, 820 F. Supp. 512, 517-18 (S.D. Cal. 1992); *United States v. Barclay*, No. 19-CR-221 (BLW), 2020 WL 1062992, at *5 (D. Idaho Mar. 2, 2020).

3. What specific steps is ECCF taking "to implement videoconferencing . . . within proximity to inmates" and "to improve [its] videoconferencing capabilities"?  *See* ECF No. 135, at 5-6.  When precisely and how does the Government and/or ECCF anticipate that "attorney-client access at ECCF will improve"?  *Id.* at 6.

4. How does attorney-client access at ECCF compare to attorney-client access at the Metropolitan Correctional Center, the Metropolitan Detention Center, and other facilities used to detain S.D.N.Y. defendants?  To the extent that attorney-client access is better at another facility, could Defendant be transferred to that facility?

SO ORDERED.

Dated: June 10, 2020
New York, New York

JESSE M. FURMAN
United States District Judge