LAW OFFICE OF
# BENJAMIN SILVERMAN

224 WEST 30TH ST., SUITE 302
NEW YORK, NY 10001

TEL (212) 203-8074
FAX (646) 843-3938
Benjamin@bsilvermanlaw.com

June 25, 2020

**By ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: *United States v. Michael Delaguila*, 20 Cr. 135 (JMF)

Your Honor:

      I write pursuant to the Court's instructions at the June 11, 2020 telephone conference to provide a status update on progress with the Essex County Correctional Facility ("ECCF"). As described below, I was able to enter the jail last week and ECCF promises to make accommodations to address concerns I raised in my application. Because several of ECCF's promises remain works in progress, I request that this application remain open for at least 30 days to ensure that ECCF continues to comply with its promises and obligations. The government consents to this request.

      **Videoconferences.** The government informs me that ECCF is establishing a direct video link with the Daniel Patrick Moynihan United States Courthouse in Manhattan, and Ed Friedland in the District Executive's office has assigned someone to help set this up. To date, the video link remains a work in progress. I am not aware of an estimate as to when this video link will become operational.

      **Jail Visits**. Shortly before the June 11 conference, the government informed me that ECCF will permit face-to-face "window visits" with my client and ECCF represented to the Court that it no longer requires lawyers to use a shared, oral thermometer in the lobby. True to its word, ECCF allowed me to visit my client last week through a glass window. Unfortunately, the latter representation proved false: when I arrived at the jail, the shared, oral thermometer was still in use. The government has spoken to ECCF officials, who told the government that the use of an oral thermometer was a lapse in the

Hon. Jesse M. Furman
*United States v. Delaguila*
June 25, 2020
Page 2

governing policy that would be rectified immediately, and that going forward the policy requiring exclusive use of a handheld forehead scanner that does not touch the individual would be strictly enforced. In addition, I have identified an individual who is willing to enter the jail to review discovery with my client and I have applied by eVoucher for authorization to retain her. If ECCF continues to allow the kind of visit I had last week, it will substantially ameliorate the concerns I raised about discovery review.

**Other matters**. ECCF has made several other representations about improvements it will make to attorney-client communications. For example, ECCF told me that I can have phone calls of up to one- and one-half hours. ECCF has also represented that it is establishing capabilities for video connections with attorney's offices like those presently used at the MCC and MDC, but this too remains a work in progress.

Because many of ECCF's promises remain aspirational – including videoconferencing capabilities with either attorneys' personal devices or a location in the Southern District's courthouse – and given ECCF's track record of making misleading or even outright false statements, I respectfully request that Mr. Delaguila's application for temporary release remain open for at least an additional 30 days and that another status letter be due on or around July 28, 2020. The government consents to this request. Hopefully, ECCF with keep its word and this application will become mooted.

Finally, I told the Court at the end of the June 11 phone conference that I would correct the record in this letter concerning representations by ECCF's witness – who was unannounced, unsworn, and not subject to cross examination – that were either false or misleading. These troubling statements included representations about my interactions with ECCF – such as denying ECCF's continued use of the shared, oral thermometer – and what I was told about the availability of visitations prior to filing this application. Because ECCF is now taking actions that may moot this application, the parties do not believe it is necessary to ask the Court to make findings at this time. I only note here that had Ms. Gaccione been cross examined, it would have been established that she lacked firsthand knowledge about any of the matters she addressed.

For the foregoing reasons, and with the government's consent, I respectfully request that the Court order submission of another status letter on or around July 28, 2020, and leave Mr. Delaguila's application for temporary release open through that time. The government also requests adjournment of its responsive letter – presently due this coming Monday – for a like period of time. We are available to answer any questions for the Court.

Hon. Jesse M. Furman
*United States v. Delaguila*
June 25, 2020
Page 3

  Thank you for your consideration.

              Respectfully submitted,

              <u>/s/ Benjamin Silverman</u>
              Benjamin Silverman
              *Counsel for Michael Delaguila*

cc: All counsel of record (by ECF)
  Michael Delaguila (by U.S. mail)

> The Court appreciates the efforts of counsel and the ECCF to work together to address the issues raised by Mr. Silverman in his original application. The application is GRANTED. The motion will remain open pending a status letter from Mr. Silverman no later than July 28, 2020, and a response from the Government no later than July 31, 2020.
>
> The Clerk of Court is directed to terminate ECF No. 154.
>
>             SO ORDERED.
>
>             *[signature]*
>
>             June 26, 2020